UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth Burgess, | ) | C/A No.: 4:11-cv-3478-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Lake City, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Kenneth Burgess ("Plaintiff" or "Burgess") filed his Complaint on December 21, 2011, against the City of Lake City ("the City"). ECF No. 1. A former municipal judge for the City, Plaintiff files this suit alleging unlawful discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended; in violation of 42 U.S.C. § 1981; and in violation of the Fair Labor Standards Act ("FLSA").[1] This matter is before the court on Defendant's Motion for Summary Judgment filed on October 16, 2012. ECF No. 24. On November 12, 2012, Plaintiff filed a Response in opposition to Defendant's Motion. ECF No. 33. Defendant filed a Reply to Plaintiff's response, ECF No. 34, on November 26, 2012.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C., which provides that all pretrial proceedings involving litigation arising out of employment discrimination cases invoking federal statutes be referred to a United States Magistrate Judge. Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for the district

---

[1] Although Plaintiff's Complaint includes causes of action for violations under 42 U.S.C. § 1981, in responding to Defendant's dispositive motion, Plaintiff concedes his claims brought pursuant to 41 U.S.C. § 1981 "should be dismissed." ECF No. 33 at 23.

judge's consideration. Having considered the parties' briefs, the undersigned submits this Report recommending Defendant's Motion for Summary Judgment, ECF No. 24, be granted.

I.     Factual Background[2]

Lake City's City Council has the authority to appoint one or more municipal court judges. Def.'s Mem. 1, ECF No. 24-1 (citing S.C. Code Ann. § 5-7-230). Even though municipal court judges are appointed by municipalities, the municipal court is part of South Carolina's unified court system and answerable to the South Carolina Supreme Court. *Id.* at 2 (citing S.C. Code Ann. § 14-25-5; *see* JEAN H. TOAL ET AL., APPELLATE PRACTICE IN SOUTH CAROLINA 1 (2d ed. 2002) ("South Carolina's unified judicial system encompasses the following courts: . . . (7) municipal courts.")); Burgess Dep. 75:14-16, ECF No. 33-1. The Lake City Municipal Court has jurisdiction over cases arising under ordinances of the municipality and over all offenses that are subject to a fine not exceeding $500, imprisonment not exceeding 30 days, or both. ECF No. 24-1 at 2 (citing S.C. Code Ann. § 14-25-65). A municipal court judge serves a term of not less than two years but not more than four years and is subject to removal by the South Carolina Supreme Court. *Id.* (citing S.C. Code Ann. § 14-25-15; S.C. Const. Art. V, § 17).

During the time period relevant to his Complaint, Plaintiff, an African-American male, was the assistant principal of Kingstree Middle School. Pl.'s Resp. 3, ECF No. 33. Plaintiff was appointed by the City in September 2009 to serve as a part-time municipal judge. *Id.* Plaintiff was licensed through the South Carolina Board of Magistrates and Municipal Judges and received annual training from South Carolina Court Administration. Burgess Dep. 32:4-14, ECF No. 33-1. Plaintiff's duties as a municipal court judge included issuing search warrants and arrest warrants, setting bonds, and hearing cases involving criminal charges. *Id.* at 31:14-19; 73:19-25;

---

[2] Because Defendant seeks to dismiss Plaintiff's Complaint, the court considers the facts in the light most favorable to Plaintiff.

74:1-22.  Plaintiff was required to use his own judgment and administer that judgment. ECF No. 33 at 6.

Plaintiff, as an associate municipal judge, worked weeknight evenings and a few hours every other weekend.  Burgess Dep. 52:6-56:9, ECF No. 33-1. Plaintiff was paid on an hourly basis, at the rate of $18 per hour. *Id.* at 34:16-18. Plaintiff was "on call" after 5:00 p.m. every day, and was paid $50.00 for every weekend he did not work. *Id.* at 31:20-22; 34:19-21.  Plaintiff was required to "clock in" when he reported for work with the City. *Id.* at 56:12-14; Compl. ¶ 30, ECF No. 1. Plaintiff alleged in his Complaint that he worked some hours for which he was not paid. Compl. ¶ 32. However, in his deposition Plaintiff testified that he was paid for all the time reflected on time cards he submitted to the City. Burgess Dep. 59:14-25.

After Plaintiff was hired as municipal judge he volunteered to conduct a study reviewing the pay rates of municipal judges in neighboring counties. Burgess Dep. 67:2-70:9.  His research revealed that pay for judges varied. *Id.* at 68:13-16. Some judges were paid a "flat rate" that varied from $200 up to $500 per week. *Id.* Plaintiff shared the results of his study with the Assistant City Administrator, John Whittleton, and the City's Mayor, Lovith Anderson; however, Plaintiff testified that the City "wanted to come up with their own thing." *Id.* at 71:18-25; 72:1-10. Plaintiff testified that his issue was not with the difference in pay, but the difference in treatment. *Id.* at 70:10-25.  For example, he noted a municipal judge who was a lawyer was not required to clock-in. *Id.* Plaintiff stated that he did not tell anyone that he thought he was being paid differently because of race; he stated that he wanted to be paid fairly. *Id.* at 73:16-18.

In March 2011, the City Administrator was informed that citizens were routinely waiting in the courtroom for long periods of time for Plaintiff to arrive and hold court. Whittleton Dep. 29:21-25; 30:1-12, ECF No. 24-4. He was also informed that Plaintiff had called and asked other

3

Lake City personnel to clock him in, despite the fact that he had not yet arrived for work. *Id.* at 30:14-22; 31:2-8. Plaintiff asserts that he called the dispatch office or other personnel to tell them that he would be late, but he states that he did not tell anyone to clock him in to work. Burgess Dep. 92-93, ECF No. 33-1. The City Administrator asked the City Police Chief to investigate the matter. Whittleton Dep. 31:11-14; ECF No. 33-3. The police department interviewed four City employees who confirmed that Plaintiff had called in and asked them to clock him in to work prior to his arrival. *See* exs. 6-9, Whittleton Dep., ECF No. 24-5 at 2-5. On March 7, 2011, Plaintiff submitted a letter to Mayor Anderson taking "full responsibility" for the actions and stating that he "was wrong for not following proper protocol for doing my job and following procedure." *See* ex. 10 to Burgess Dep., ECF No. 24-3 at 12. Following the investigation the City Administrator and Mayor Anderson informed Plaintiff he did not follow proper procedure and he could be brought up on criminal charges. ECF No. 33 at 9. Plaintiff alleges he was coerced to resign. Burgess Dep. 85:2-4. After he submitted his letter of resignation, Plaintiff spoke with the Chief Judge of Florence County who advised Plaintiff to write another letter rescinding his resignation. *Id.* at 85:5-11. The City denied Plaintiff's request to withdraw his resignation, and his resignation was effective March 11, 2011. *See* ex. 14 to Burgess Dep., ECF No. 24-3 at 15.

On June 8, 2011, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission against the City, alleging that racial discrimination occurred when he was "forced to resign his position as Associate Judge" and a White male was hired to replace him. *See* ex. 4 to Burgess Dep., ECF No. 24-3 at 5. The Equal Employment Opportunity Commission issued Plaintiff a no-cause determination on September 21, 2011. *See* ex. 6 to

Burgess Dep., ECF No. 24-3 at 11.  Plaintiff filed the instant suit against the City on December 21, 2011. ECF No. 1.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.   All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62

(4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. *See Latif v. The Cmty. Coll. of Baltimore,* 354 F. App'x 828, 830 (4th Cir. 2009) (affirming district court's grant of summary judgment, noting plaintiff's affidavit, which offered conclusions not based on his own knowledge, did not create genuine issues of material fact).

III.     Discussion

Defendant contends that the court should grant summary judgment to the City on Plaintiff's Title VII and FLSA claims because Plaintiff falls under the policy-making exclusion for the definition of employee contained in both of those statutes.

> Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 20000e–2(a)(1). Title VII further prevents an employer from retaliating against an employee, or a former employee, because the employee has either "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U .S.C. § 2000–e–3(a). To qualify for Title VII's protections, an individual must be an "employee" as defined by Title VII. An "employee" under Title VII is "an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f).
>
> The FLSA contains an identical policy-maker exclusion to the definition of an "employee." *See* 29 U.S.C. § 630(f) ("The term 'employee' means an individual employed by any employer except that the term 'employee' shall not include … an appointee on the policymaking level.").

*Nowlin v. Lake City*, No. 4:10-01857-JMC, 2012 WL 831492, at *3-4 (D.S.C. Mar. 12, 2012). The plaintiff in *Nowlin*, like Burgess, was a municipal court judge who filed suit against Lake City alleging that he was discriminated against and retaliated against in violation of Title VII and

the FLSA. The court held that, based on *Gregory v. Ashcroft*, 501 U.S. 452 (1991),[3] and *Spann–Wilder v. City of North Charleston*, C/A No. 2:08–00156–MBS, 2010 WL 3222235 (D.S.C. Aug.13, 2010), the plaintiff was exempt from Title VII and FSLA coverage pursuant to the policy-making exclusion in the statutes' definitions of employee.

Defendant argues that Plaintiff's position is identical to the plaintiff in *Nowlin*. The undersigned agrees. Plaintiff attempts to distinguish *Nowlin* and the case upon which it relied, *Spann-Wilder*, by arguing that "[u]ltimately the City Administrator had control over the Plaintiff's employment and therefore the Plaintiff does not fall under the policy-making exception of Title VII and FLSA." ECF No. 33 at 18. As a footnote to this proposition, Plaintiff cites language from *Spann-Wilder* in which the court found that the plaintiff, a part-time municipal judge, met the definition of employee for purposes of Title VII and the EPA. ECF No. 33 at 18, n.89 (quoting *Spann-Wilder*, 2010 WL 3222235 at *4). However, in that case, despite finding that the plaintiff was an employee, the court dismissed plaintiff's claims upon concluding that she "necessarily exercised discretion in making her rulings" and "likely would apply the common law in her position," which made her "an appointee on a policy-making level and [was] exempt from the protections of Title VII." *Spann-Wilder*, 2010 WL 3222235 at *7. In *Nowlin* the court found that the plaintiff "exercised discretion in the performance of his duties as a municipal judge to fall within the policy-maker exclusion and he is, therefore, exempted from coverage under Title VII." *Nowlin*, 2012 WL 831492 at *5.

---

[3] In *Gregory*, the Supreme Court held that state court judges, because of their ability to make policy in the application of common law, were appointees who fell "presumptively under the policy-making level exception" and were therefore exempt from the protections of the Age Discrimination in Employment Act ("ADEA"). 501 U.S. at 467. The definitions and exclusions for employees and certain categories of workers are the same under the ADEA, Title VII, and the FLSA. *See* 29 U.S.C. § 630(f), 42 U.S.C. § 2000e(f); 29 U.S.C. §203(e)(2)(C).

Here, Plaintiff not only holds the exact same position as the plaintiff in *Nowlin*, but he also asserts the following facts in his Response that support finding him excluded as a policy maker:

- (Fact 26) "As a Municipal Judge the Plaintiff was required to use his own judgment and administer that judgment;"
- (Fact 31) "After Judge Nowlin left his employment in January 2011 the Plaintiff became the only Judge for the City of Lake City;" and
- (Fact 32) "The Plaintiff performed the work of two Judges after Christopher Nowlin left until such time as the Defendant could hire another judge."

ECF No. 33 at 6-7. Plaintiff testified that his duties included issuing search warrants and arrest warrants. Burgess Dep. 73:19-25. He also dealt with various criminal matters including charges for driving under the influence, assault and battery, criminal domestic violence and traffic violations. *Id.* at 74:1-10. When sentencing a defendant, Plaintiff chose the sentence based on the sentencing guidelines. *Id.* at 74:23-25; 75:1-3. Plaintiff affirmed that the decisions he made affected significant matters and required good decision-making skills. *Id.* at 75:4-13. Plaintiff considered his position to be an important one. *Id.* at 46:8-10. He stated that he followed the law and Constitution, and used his judgment to make decisions. *Id.* at 46:13-23; 47:12-16; 48:2-9.

The undersigned finds that Plaintiff falls under the policy-maker exclusion to the definition of employee under Title VII and the FLSA. Accordingly, Defendant Lake City is entitled to summary judgment as a matter of law and Plaintiff's claims for discrimination, failure to pay proper wages, and retaliation under Title VII and the FSLA should be dismissed.

4:11-cv-03478-RBH     Date Filed 05/01/13     Entry Number 41     Page 9 of 9

IV.     Conclusion

In light of the foregoing, the undersigned recommends that Defendant's Motion for Summary Judgment, ECF No. 24, be GRANTED, and this case dismissed.

IT IS SO RECOMMENDED.

May 1, 2013                                                                    Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**