IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth Burgess, | ) | Civil Action No.: 4:11-cv-03478-RBH |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| City of Lake City, | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |

  Plaintiff Kenneth Burgess ("Plaintiff") filed the above action against Defendant City of Lake City ("Defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e–2000e-17 (West 2003 & Supp. 2010) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§ 201–219 (West 1998 & Supp. 2011).

  This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] [R&R, Doc. # 41.] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment. Plaintiff timely filed objections to the R&R on May 20, 2013, to which Defendant filed a Reply.

  For the following reasons, this Court adopts the magistrate's recommendation.

## **Background**[2]

  Plaintiff, an African-American male who was the assistant principal of Kingstree Middle School, was appointed by Defendant in September 2009 to serve as a part-time municipal judge.

---

[1]  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

[2]  The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 41, at 2–5.]

Plaintiff claims he felt that he was treated differently from other municipal judges, particularly focusing on the fact that other municipal judges in other areas were paid better. In 2011, pursuant to an investigation requested by the City Administrator, city employees claimed Plaintiff asked them to clock him into work prior to his arrival. Plaintiff submitted a letter taking "full responsibility" for "not following proper protocol" and ultimately submitted a letter of resignation. Though he tried to rescind this resignation, Defendant would not accept this request and the resignation became effective on March 11, 2011.

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the

absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

Plaintiff initially files a number of what he refers to as "factual objections." [Obj., Doc. # 43, at 4–7.] However, these objections merely take issue with certain information included in the "Facts" section of the R&R and fail to highlight an error in the magistrate's ultimate analysis of the issues in the case. Furthermore, much of Plaintiff's argument centers on factual issues that would be germane to the issue of whether Plaintiff made the requisite showing under either the FLSA or Title VII. However, the magistrate never reached that level of analysis because she found that Plaintiff was exempt from Title VII and FSLA coverage pursuant to the policy-making exclusion in the statutes' respective definitions of employee. The Court has nonetheless considered any facts set forth in Plaintiff's objections relevant to Plaintiff's employment duties in reaching its decision herein.

Plaintiff's remaining objection appears to argue that Plaintiff was not exempt from coverage under Title VII or the FLSA.

Title VII and the FLSA each contain four identical exclusions from the definition of "employee": (1) "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof," (2) "any person chosen by such officer to be on such officer's personal staff," (3) "an appointee on the policy making level" and (4) "an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." *See* 42 U.S.C.A. §

2000e(f); 29 U.S.C.A. § 630(f).

Plaintiff's objection relies almost exclusively on *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996). However, *Cromer* involved "Title VII's exclusion for the personal staff of an elected official," rather than the policy-maker exclusion. *Cromer*, 88 F.3d at 1322 ("We hold that Cromer was not on Sheriff Brown's personal staff when he was a lieutenant . . . ."). As Plaintiff noted in his objections, "[t]he Plaintiff clearly did not meet the requirements of 'personal staff'." [Obj., Doc. # 43, at 9.] Plaintiff fails, however, to specifically refute the magistrate's finding that "Plaintiff falls under the policy-maker exclusion to the definition of employee under Title VII and the FLSA." [R&R, Doc. # 41, at 8.]

The Court agrees with the magistrate that Plaintiff's duties, including being the only judge in Lake City for a period of time, being required to use his judgment and administer that judgment, and issuing search warrants and arrest warrants, made Plaintiff a policy maker under the statutes. Moreover, as the magistrate explained, a nearly identical question was addressed in *Nowlin v. Lake City*, No. 4:10-01857, 2012 WL 831492, at *3–4 (D.S.C. Mar. 12, 2012). The plaintiff in *Nowlin*, like Plaintiff here, was a municipal court judge who filed suit against Lake City alleging that he was discriminated against and retaliated against in violation of Title VII and the FLSA. The court, citing Supreme Court precedent and other cases from this district, held that the plaintiff was exempt from Title VII and FSLA coverage pursuant to the policy-making exclusion in the statutes' definitions of employee. As the court in *Nowlin* explained, "[the plaintiff exercised discretion in the performance of his duties as a municipal judge to fall within the policy-maker exclusion and he is, therefore, exempted from coverage under Title VII." *Nowlin*, 2012 WL 831492 at *5.

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, Defendant's Reply, and the applicable law.  The Court has further conducted the required review of all of the objections and finds them without merit.  For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 24] is **GRANTED** and this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
August 12, 2013